UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL M. WILSON,

        Petitioner,

    v.                                     Case No. 19-C-1016

GARY BOUGHTON,

        Respondent.

## SCREENING ORDER

On July 16, 2019, Petitioner Daniel M. Wilson, who is currently incarcerated at Wisconsin Secure Program Facility (WSPF), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wilson was convicted in Milwaukee County Circuit Court, Case No. 2014CF2319, of repeated sexual assault of the same child (at least three violations of first degree sexual assault) in violation of Wisconsin Statute § 948.025(1)(b), and was sentenced to 50 years of imprisonment, comprising 37 years of initial confinement and 13 years of extended supervision. Dkt. No. 1 at 2. Wilson's petition challenges this conviction. Wilson filed with his petition an application for leave to proceed without prepayment of the filing fee (*in forma pauperis*). He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

Wilson has also filed a motion to correct his petition. Wilson seeks to name Milwaukee County Circuit Court as the respondent in this action, as that court is where he was convicted. But Wilson was correct to name WSPF Warden Gary Boughton, the State agent holding him, as the

respondent in this habeas action. Given that Wilson's petition makes clear that he is challenging

his conviction in Milwaukee County Circuit Court, Case No. 2014CF2319, and he named the proper

respondent, his motion to correct will be denied as moot.

With respect to Wilson's petition, I must give the petition prompt initial consideration

pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must dismiss the
> petition and direct the clerk to notify the petitioner. If the petition is not dismissed,
> the judge must order the respondent to file an answer, motion, or other response
> within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see

whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted

available state remedies.

Wilson's petition raises two grounds for relief. First, he claims that there was insufficient

evidence to prove that he committed at least three or more acts of first-degree sexual assault

involving the same child between January 1, 2013 and May 5, 2014, the time frame specified in the

information. Dkt. No. 1-1 at 1. Second, he claims that his trial counsel was ineffective for failure

to object to the admission of (1) the child victim's medical records indicating that she, like Wilson,

had type 1 herpes, and (2) various testimony of the State's experts as to the general nature of child

sexual abuse. *Id.* at 7. These claims are cognizable for purposes of habeas review. *See Crawford

v. Washington*, 541 U.S. 36, 42 (2004); *Strickland v. Washington*, 466 U.S. 668, 684–85 (1984);

*Jackson v. Virginia*, 443 U.S. 307, 309 (1979). It appears that Wilson has exhausted his state court

remedies and that his petition is timely.

2

Because the court cannot determine from the face of the petition and the record as it stands whether Wilson is entitled to habeas relief, Respondent will be directed to file a response. Although it appears, upon initial review, that Wilson has exhausted his remedies and has timely filed a petition under § 2254, Respondent remains free to raise challenges as to exhaustion and timeliness.

**IT IS THEREFORE ORDERED** that, within 60 days of the date of this order, Respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that Wilson shall have 30 days following the filing of Respondent's answer within which to file a reply brief. Once a reply brief is filed, the court will determine whether further briefing is required.

**IT IS FURTHER ORDERED** that, if Respondent files a dispositive motion in lieu of an answer, Wilson shall have 30 days following the filing of Respondent's dispositive motion and supporting initial brief within which to file a brief in opposition and Respondent shall have 15 days following the filing of Wilson's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that Wilson's request for leave to proceed *in forma pauperis* (Dkt. No. 2) and motion to correct his petition (Dkt. No. 6) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Wilson shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents

to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Wilson is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Wilson's filings will be electronically scanned and entered on the docket upon receipt by the clerk, he need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the respondents on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the respondent. The

4

Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this  1st  day of August, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
